IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIE MURRY JuQAN D. MUHUMMAD                                              PLAINTIFF
ADC #257034

v.                               4:21-cv-00162-JM-JJV

LOVELACE, *et al*.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I. INTRODUCTION**

Willie Murry JuQuan D. Muhummad ("Plaintiff"), incarcerated at Pulaski County Detention Center, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendant Lovelace

violated his federally-protected rights while Plaintiff was in custody at the Detention Center.[1] (Doc. Nos. 1, 4).  Defendant Lovelace has filed a Motion for Summary Judgment arguing Plaintiff failed to exhaust his administrative remedies.  (Doc. Nos. 24-26.)  Plaintiff has not responded; this matter is now ripe for a decision.  For the reasons set out below, I recommend Defendant's Motion (Doc. No. 24) be granted.

## I.   BACKGROUND

Plaintiff alleged that on September 8, 2020, Defendant Lovelace wrongfully took Plaintiff to the Malvern Unit of the Arkansas Division of Correction and then returned him to the Pulaski County Detention Center   (Doc. No. 10.)  Plaintiff asserts that during the trip he was denied medication, resulting in back pain.  (*Id*.)  Plaintiff seeks damages.  (*Id*. at 12.)

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the

---

[1] Defendant Lovelace is the only Defendant remaining in this case.  Plaintiff's claims against Defendants Higgins, Johnson, Bulter, Rose, and Does were dismissed earlier.  (Doc. Nos. 11, 13.)

2

existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Bock*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

I note that Plaintiff has not filed a response and has not contested, in a separate statement of fact or otherwise, any undisputed material fact set out by Defendant Lovelace. And Plaintiff has not identified any grievance in the record that would exhaust his claims. Accordingly,

Defendant Lovelace's material facts not in dispute (Doc. No. 26) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e)(2).

The Pulaski County Detention Center had in place a grievance procedure that, under the PLRA, Plaintiff was required to exhaust before filing suit. (Doc. No. 26-1 at 2-3; Doc. No. 26-5.) The grievance procedure gave an inmate the opportunity to submit a written complaint about "actions taken by staff or other inmates that have the effect of depriving the inmate of a right, service or privilege; allegations of abuse, neglect, or mistreatment by staff or other inmates; and any other matter the inmate believes to be illegal, a violation of department rules and regulations, or unconstitutional treatment or condition." (Doc. No. 26-5 at 1-2.) Grievances must be filed within 15 days of the incident giving rise to the grievance. (*Id*. at 4.) Inmates should explain the problem grieved "as briefly and clearly as possible," and each grievance should address only one problem. (*Id*.) Responses to grievances generally are provided within ten working days. (*Id*. at 6.) If the inmate is not satisfied with the response, he or she may appeal within ten working days. (*Id*. at 7.) The Chief of Detention, or his or her designee, will respond to the appeal in writing within five working days, which is the final level of the appeal process. (*Id*.)

In support of his Motion, Defendant Lovelace provided grievances and medical requests filed by Plaintiff. (Doc. No. 26-3; Doc. No. 26-4.) Between Plaintiff's intake on August 8, 2020, and April 30, 2021, Plaintiff submitted approximately 21 requests and grievances, and two medical requests. (Doc. No. 26 at 1, ¶ 2; Doc. No. 26-3; Doc. No. 26-4.)

I have reviewed the grievances and requests provided by Defendant Lovelace. According to those records, Plaintiff did not file any grievance related to his alleged wrongful transport or the denial of medication on September 8, 2020. (Doc. No. 26-3; Doc. No. 26-4.) Where, as here, Defendant Lovelace has moved for summary judgment, Plaintiff "was required 'to discard the

4

shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" *Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Because Plaintiff has not come forward with proof that he did, in fact, exhaust his claims before he sued Defendant Lovelace, summary judgment in Defendant Lovelace's favor is appropriate.

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson v. Jones,* 340 F.3d 624, 626-27 (8th Cir. 2003); *see also Woodford,* 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendant Lovelace's Motion for Summary Judgment (Doc. No. 24) be GRANTED.

2. This case be DISMISSED without prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

Dated this 21st day of July 2021.

                                                              _____
                                                              JOE J. VOLPE
                                                              UNITED STATES MAGISTRATE JUDGE