IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIE MURRY JuQAN D. MUHUMMAD                                                PLAINTIFF
#257034

v.                                      4:21-cv-00162-JM-JJV

BOBBY LOVELACE                                                                DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I. INTRODUCTION**

Willie Murry JuQan D. Muhummad ("Plaintiff"), a pre-trial detainee incarcerated at the Pulaski County Detention Facility ("Detention Facility"), filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging Deputy Bobby Lovelace violated his federally protected rights while in custody.[1] (Doc. No. 10.) According to Plaintiff, on September 8, 2020, Defendant

---

[1] Defendant Lovelace is the only remaining Defendant in this case. The Court dismissed Plaintiff's claims against Defendants Higgins, Johnson, Bulter, Rose, and Does. (Doc. No. 11; Doc. No. 13.)

Lovelace transported him to the Malvern Unit of the Arkansas Division of Correction ("ADC") despite Plaintiff's protest that officials had the wrong inmate for transport.[2] (*Id*. at 7.) Plaintiff says Defendant Lovelace refused to provide him with his prescribed pain medication for his back before they left the Detention Facility, causing Plaintiff to suffer excruciating back pain during transport. (*Id*. at 7-10.)  Plaintiff is pursing claims against Defendant Lovelace in his personal capacity only, seeking monetary relief and "any other relief the Plaintiff is entitled to have."[3] (*Id*. at 12.)

On November 9, 2021, Defendant Lovelace filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts.  (Doc. Nos. 42-44.) Plaintiff did not file a timely response. Therefore, on December 10, 2021, I deemed all material facts submitted by Defendant Lovelace as admitted pursuant to Local Rule 56.1(c) and recommended dismissal of Plaintiff's claims. (Doc. No. 47).

On December 22, 2021, Plaintiff filed a Response to the Motion for Summary Judgment, Brief in Support, and an Objection to the Proposed Findings and Recommended Disposition ("Recommendation"). (Doc. Nos. 48-50.) On January 4, 2022, Plaintiff filed another Response to the Motion for Summary Judgment and a Statement of Facts. (Doc. Nos. 51-52.)  On January 6, 2022, based on the pleadings Plaintiff filed after the entry of the Recommendation, Judge Moody remanded the case back to me for further consideration.  (Doc. No. 53.)

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[2] Plaintiff was returned to the Detention Facility later that evening. (Doc. No. 10 at 6.)

[3] The Court previously dismissed Plaintiff's official capacity claims against Defendant Lovelace. (Doc. No. 11; Doc. No. 13.)

2

to judgment as a matter of law." FED. R. CIV. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" FED. R. CIV. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.     FACTS VIEWED IN A LIGHT MOST FAVORABLE TO PLAINTIFF

On August 8, 2020, Plaintiff was booked into the Detention Facility. (Doc. No. 44-2.) At his medical screening, Plaintiff indicated he was not taking any medications but reported chronic back pain. (Doc. No. 44-7 at 2, 6-7.)  On August 14, 2020, Plaintiff was prescribed 500 milligrams of Tylenol twice a day for back pain. (*Id*. at 11, 14-15, 20.)

On September 8, 2020, at approximately 4:45 a.m., a Detention Facility official removed Plaintiff from his cell for transport to the Malvern Unit of the ADC.[4] (Doc. No. 44-5; Doc. No. 44-6.) According to plaintiff, inmate "Murphy" was the inmate that should have been transported, but he was inmate "Murry." (Doc. No. 10 at 5-6; Doc. No. 49 at 2; Doc. No. 51 at 5-7) Before leaving the Detention Facility, Plaintiff showed Defendant Lovelace his identification card that demonstrated he was a pre-trial detainee and not inmate "Murphy," but Defendant Lovelace did not go to the computer to research the issue. (Doc. No. 50; Doc. No. 51 at 6.) Plaintiff asked Defendant Lovelace if he would be allowed to take his medication before he boarded the bus because he was in pain and Defendant Lovelace responded, "We'll see."[5] (Doc. No. 50; Doc. No. 52.) Defendant Lovelace did not ask the nurse to bring Plaintiff's medication to put in a black bag for transport in accordance with policy.[6] (Doc. No. 48)

Plaintiff boarded the Detention Facility bus and was transported to the ADC with about 20 other inmates. (Doc. No. 44-6; Doc No. 51 at 2.) Plaintiff informed the deputy sheriff he was not supposed to be on the bus when he boarded.[7] (Doc. No. 51.) Plaintiff did not enter the Malvern Unit and was not booked into the ADC; rather, he was returned to the Detention Facility, arriving

---

[4] According to Defendant, Plaintiff answered to another inmate's name that was similar. (Doc. No. 44-5; Doc. No. 44-6.) Plaintiff disputes this and asserts his name was on the transport list and an ADC official retrieved him from his cell for transport. (Doc. No. 48.)

[5] According to Defendant Lovelace, Plaintiff did not inform Defendant Lovelace that he was in pain or that he needed any prescribed pain medication. (Doc. No. 44-6.)

[6] However, Plaintiff also alleges Defendant Lovelace "had all our pain meds in a black bag, [but] he refused to look for them." (Doc. No. 51 at 2.)

[7] According to Defendant Lovelace, Plaintiff did not inform Detention Facility deputies they had the wrong inmate for transport until he arrived at the Malvern Unit. (Doc. No. 44-6.)

4

back at 10 p.m. that evening.[8] (Doc. No. 10 at 6; Doc. No. 44-6; Doc. No. 49 at 1.) At 10:25 p.m. that evening Plaintiff received 500 milligrams of Tylenol.[9] (Doc. No. 44-7 at 24; Doc. No. 51 at 3.)

IV.     ANALYSIS

Defendant Lovelace argues he is entitled to qualified immunity. I agree. Qualified immunity protects government officials who acted in an objectively reasonable manner and shields them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

Defendant is entitled to qualified immunity if: (1) the facts, viewed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that reasonable officials would not have known their actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). Courts may

---

[8] According to Defendant Lovelace, Plaintiff was returned in a patrol vehicle that had accompanied the Detention Facility bus by 12:30 p.m. that afternoon. (Doc. No. 44-5; Doc. No. 44-6.) Plaintiff denies this, stating he rode back in the Detention Facility bus and didn't arrive back until around 10 p.m. that evening. (Doc. No. 49 at 2.)

[9] On October 4, 2020, less than a month after the incident in question, Plaintiff's Tylenol was discontinued because deputies discovered 20 Tylenol pills in his belonging. (Doc. No. 44-4; Doc. No. 44-7 at 20-21.) According to Plaintiff, nurses had given him extra Tylenol because he was in so much pain and the nurses felt sorry for him. (Doc. No. 51 at 1.)

"exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 232; *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). For the following reasons, I find Defendant is entitled to qualified immunity based on the first prong of the analysis.

A.  **Conditions of Confinement**

To the extent Plaintiff asserts Defendant Lovelace subjected him to unconstitutional conditions of confinement on September 8, 2020, Plaintiff's claim fails for the following reasons. The Eighth Circuit has clarified that a conditions of confinement claim brought by a pretrial detainee, rather than a convicted prisoner, must be analyzed under the Due Process Clause of the Fourteenth Amendment. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). The Due Process Clause "requires that a pretrial detainee not be punished." *Stearns*, 957 F.3d at 906 (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). Conditions amount to punishment if the conditions are *intentionally* punitive, were not reasonably related to a legitimate governmental purpose, or were excessive in relation to that purpose. *Stearns*, 957 F.3d at 907 (emphasis added).

Here, Defendant Lovelace mistakenly transported Plaintiff to the Malvern Unit of the ADC on September 8, 2020. Plaintiff takes issue with the fact that Defendant Lovelace did not investigate the matter after Plaintiff informed him that he had the wrong inmate for transport. At most, Defendant Lovelace was negligent in mistakenly transporting Plaintiff to the Malvern Unit and not investigating the matter. There is simply no evidence that could lead to a conclusion that Defendant Lovelace had any intent to punish Plaintiff on September 8, 2020. Because no reasonable juror could find that Defendant Lovelace subjected Plaintiff to unconstitutional conditions of confinement when he mistakenly transported him to the Malvern Unit on September

8, 2020, this claim fails. *See Stearns*, 957 F.3d at 908 n.5 (mere negligence is insufficient to support a conditions-of-confinement claim brought under the Fourteenth Amendment). For these reasons, I find Defendant Lovelace is entitled to qualified immunity, and I recommend Plaintiff's conditions of confinement claim against him be dismissed with prejudice.

### B.  Deliberate Indifference to Plaintiff's Medical Needs

To the extent Plaintiff asserts Defendant Lovelace was deliberately indifferent to his medical needs on September 8, 2020, Plaintiff's claim fails for the following reasons. The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). Prison officials are under a constitutional duty to provide medical treatment when a prisoner is in need. *Gamble*, 429 U.S. at 103. "Deliberate indifference" encompasses both that the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 825-26. The official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *Id*. So, the Plaintiff must demonstrate "(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnaham*, 132 F.3d 1234, 1239 (8th Cir. 1997)). When proving prison officials actually knew of and deliberately disregarded objectively serious medical needs, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct."

*Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Deliberate indifference may also be established by "prison guards . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). However, it is well settled that a short delay in receiving prescribed medications does not rise to the level of a constitutional violation. *Hines v. Anderson*, 547 F.3d 915, 920-21 (8th Cir. 2008) (holding unspecified delays in refilling the prisoners' various prescriptions did not rise to the level of constitutional violation); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (finding a month-long delay in refilling pretrial detainee's antidepressant prescription was not a constitutional violation).

Under the Plaintiff's version of the facts, Defendant Lovelace did not ask the nurse to bring Plaintiff's medication after Plaintiff informed Defendant Lovelace he was in pain. However, it is undisputed that Plaintiff received his Tylenol at 10:30 that evening. At most, Plaintiff was delayed in receiving his Tylenol. As explained above, a short delay in receiving prescribed medications does not rise to the level of a constitutional violation. *Hines v. Anderson*, 547 F.3d 915, 920-21 (8th Cir. 2008); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993). Plaintiff may have been delayed in receiving his Tylenol on September 8, 2020, but under these facts, the delay does not amount to a constitutional violation. Therefore, no reasonable juror could find Defendant Lovelace violated Plaintiff's constitutional rights. For these reasons, I find Defendant Lovelace is entitled to qualified immunity, and I recommend Plaintiff's claim that Defendant Lovelace was deliberately indifferent to his medical needs be dismissed with prejudice.

V.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Lovelace's Motion for Summary Judgment (Doc. No. 42) be GRANTED.

2. Plaintiff's claims against Defendant Lovelace be DISMISSED with prejudice.

3. This case be CLOSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 25th day of January 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE